UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 06-33-KSF

CHARLES ALLEN SMITH                                                                              PETITIONER

V.                                                    **ORDER**

PATTI WEBB, Warden                                                                              RESPONDENT

\* \* \* \* \* \* \* \* \* \* \* \*

On January 18, 2006, petitioner filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [DE #4] in the United States District Court for the Western District of Kentucky. The matter was then transferred to this district on February 6, 2006 [DE #1]. Consistent with local practice, this matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b).

On January 16, 2007, the Magistrate Judge filed his report and recommendation, recommending that the petition be denied on various grounds. Regarding the petitioner's claim that the state trial court erred by failing to conduct a hearing under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), with respect to the reliability of the "Lifescan" computer fingerprint system, the Magistrate Judge concluded that the Kentucky Supreme Court correctly concluded that any error committed by the trial court was harmless, as the petitioner failed to establish that the outcome of his trial would have been any different in the absence of the fingerprint evidence.

As to his claim that the trial court erred in denying his motion to suppress a taped

statement he made to the police following his arrest, the Magistrate Judge concluded that the state court correctly concluded that the warnings given to the petitioner prior to questioning sufficiently informed him of his constitutional rights under Miranda v. Arizona, 384 U.S. 436, 475 (1966).  He agreed with the state court that although the officers did not expressly state that the petitioner had the right to consult with a lawyer *before* questioning, his statement that the petitioner had a right "to have an attorney present here during questioning" coupled with his statement that the petitioner also had a right to end the interview at any time adequately conveyed notice of the right to consult with an attorney before questioning.

Next, the petitioner contends that the trial court erred in accepting his waiver of the right to have counsel represent him at trial.[1]  The Magistrate Judge concluded that the state court properly rejected this argument in deciding that the petitioner's waiver of counsel was knowing, voluntary, intelligent and, thus, valid.  The Magistrate Judge also rejects the petitioner's claim that the trial judge should have recused himself, finding that the state court correctly concluded that the petitioner had failed to establish adequate grounds for or present any evidence necessitating recusal or disqualification.

The petitioner also argues in his petition that the trial court erred when it denied his motion to dismiss the indictment on the grounds that a detective had given false testimony to the grand jury.  The Magistrate Judge recommends that this argument be rejected, as the state court pointed out in detail the flaws in the petitioner's argument.  Finally, the Magistrate Judge

---

[1] The petitioner couches this as the trial court's failure to appoint him counsel who was not burdened by a conflict of interest.  However, upon further review of the record, it is clear that the petitioner is complaining about the validity of his waiver of counsel at trial, which the state court granted.

concluded that the petitioner's claim that evidence of his character and prior bad acts were improperly introduced should be rejected. In so doing, he pointed out that the petitioner had failed to lodge contemporaneous objections at the time the evidence was introduced at trial and no manifest injustice resulted from the evidence having come in at trial. He further agreed with the Kentucky Supreme Court that the trial court did not commit error by allowing the introduction of a 1990 fingerprint card for purposes of identifying the petitioner and for comparison purposes.

Neither the petitioner nor the respondent filed objections to the Magistrate Judge's report and recommendation, despite an extension of time granted to the petitioner to file objections, and the time for same has passed. Although this Court must make a *de novo* determination of those portions of the Magistrate Judge's report and recommendation to which objection is made, 28 U.S.C. § 636(b)(1)(c), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." Thomas v. Arn, 474 U.S. 140, 150 (1985). Moreover, a party who fails to file objections with the Court to a Magistrate Judge's report and recommendation waives the right to appeal. See Wright v. Holbrook, 794 F.2d 1152, 1154-55 (6th Cir. 1986). Nevertheless, the Court, having examined the record and having made a *de novo* determination, is in agreement with the Magistrate Judge's report and recommendation.

In determining whether a certificate of appealability should issue as to the petitioner's claim, the Court turns to Slack v. McDaniel, 529 U.S. 473 (2000), for guidance. In that case, the United States Supreme Court held that

> [w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) [governing the issuance of certificates of appealability] is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

Id. at 484. In the present case, the Court determines that the only debatable claim presented by the petitioner is his claim that the Miranda warnings he received were inadequate. While the Court believes that the cases of California v. Prysock, 453 U.S. 355 (1981), and the unpublished decision of the Sixth Circuit in Ashurst v. Morris, 914 F.2d 255, 1990 WL 130486 (6th Cir. Sept. 11, 1990), dispose of this claim on the merits, there are other opinions that could be read to reach a different conclusion. See, e.g., United States v. Caldwell, 954 F.2d 496 (8th Cir. 1991) (suggesting that the right to counsel *prior to* questioning must be clearly spelled out to a defendant in addition to the other rights that must be enumerated). Therefore, the Court will issue a certificate of appealability only as to this question.

Accordingly, the Court, being otherwise fully and sufficiently advised, HEREBY ORDERS that:

(1) the Magistrate Judge's report and recommendation [DE #13] is ADOPTED as and for the opinion of the Court;

(2) the respondent's motion to dismiss or, alternatively, for summary judgment [DE #8] is GRANTED;

(3) the petitioner's petition for a writ of habeas corpus [DE #4] is DISMISSED WITH PREJUDICE;

(4) pursuant to 28 U.S.C. § 2253(c), a certificate of appealability shall issue only as to the question of whether the petitioner received adequate warnings under Miranda prior to being questioned;

(5) pursuant to 28 U.S.C. § 1915, Petitioner may appeal this Order in forma pauperis; and

(6)  judgment will be entered contemporaneously with this order.

This March 8, 2007.



Signed By:
*Karl S. Forester*  KSF
**United States Senior Judge**